# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:15-cv-36-FDW

| | |
|---|---|
| MICHAEL ANTHONY DILWORTH, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| H. CORPENING, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2); 1915A. Also pending is Plaintiff's Motion for Order to Show Cause and Temporary Restraining Order, (Doc. No. 4).

## I.   BACKGROUND

Pro se Plaintiff Michael Dilworth is a North Carolina state court prisoner currently incarcerated at Marion Correctional Center in Marion, North Carolina. Plaintiff filed this action on February 23, 2015, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) H. Corpening, identified as the Administrator of Marion Correctional Institution; (2) H. Tate, identified as a Sergeant at Marion; (3) M.R. Crider, identified as a Disciplinary Hearing Officer at Marion; (4) D. Freeman, identified as a Unit Manager at Marion; and (5) E.B. Thomas, identified as the Chief Disciplinary Hearing Officer for the North Carolina Department of Public Safety. In this action, Plaintiff alleges that Defendants violated his due process rights in relation to a disciplinary hearing in which Plaintiff was charged with making a false statement against a prison employee. Specifically, Plaintiff alleges the following facts in support of his

1

claim:

> On 8-14-14 Sgt. Tate intentionally, deliberately, and maliciously denied me the right to make a statement, get witness statements, or gather evidence to refute the alleged A-18 disciplinary offense [of making a false statement against a prison staff member]. He took the statement form back from me and closed the trap door when I asked to see the statement that I was suppose[d] to have written on 7-17-14 against staff. [Correctional officer] Cosby was doing rounds and came to my cell as video footage will show and I asked him to tell Sgt. Tate that I wanted to write a statement, but Sgt. Tate left without allowing me to make a statement. On 8-27-14 DHO Crider was conducting the disciplinary hearings. She made instructions that she would not be going back over the investigation. I asked her how was she going to determine the outcome of the hearing? What was she going to use? So I asked could I see the statement I was suppose[d] to have written on 7-17-14 against a staff member. She put me out of the hearing and found me guilty. Sgt. Tate and DHO Crider violated my due process rights for a fair and impartial disciplinary proceeding and when I appeal[ed] to Chief DHO E.B. Thomas he conspired with them and upheld the guilty verdict. This whole matter derives from the fact that Unit Manager D. Freeman did a false PREA investigation alleging and relying on a statement I wrote against an officer on 7-17-14 on a DC-138B statement form. And then processed the infraction from the PREA investigation and charged me with an A-18 offense. Which he couldn't do because he was involved in the incident. Unit Manager Freeman violated my First Amendment Right to Free Speech by allegedly bringing an infraction against me for making a complaint. The result of the alleged statement I made was 50 days punitive segregation for the A-18 which caused me not to finish the Modified Housing Program which resulted in 180 days of intensive control segregation for a total of 230 days segregation. This resulted in 68.94 days of gain time lost and 61.28 days of merit lost, for a false charge. The question before this court is "where is the statement I made on the DC-138B statement form on 7-17-14 against a correctional officer?" I never wrote a statement on a DC-138B statement form . . . .

Plaintiff contends that Defendants violated his due process rights under <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974), because he was denied the right to see the evidence used against him in his disciplinary proceeding—specifically, the alleged written statement he made against a correctional officer at Marion. Plaintiff also appears to be bringing a First Amendment

2

retaliation claim solely against Defendant Freeman. As relief, Plaintiff states that he is "seeking punitive and compensatory damages as well as $250 per day for 230 days of unlawful segregation. I am also seeking an injunction to be released from [segregation] and receive lost gain time and merit days." (Doc. No. 1 at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, 28 U.S.C. § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such

proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits or solitary confinement, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. See Wolff, 418 U.S. at 564-71. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. See Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. See Hill, 472 U.S. at 456; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy.

The Court finds that, regardless of whether Plaintiff sufficiently stated a claim for a due

4

process violation under Wolff, Plaintiff's action must be dismissed sua sponte as barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997). In Heck, the Supreme Court held that a plaintiff may not bring an action pursuant to § 1983 for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first having that conviction or sentence reversed, overturned, expunged, or otherwise called into question. In Edwards, the Supreme Court specifically extended Heck to the context of inmate disciplinary convictions, holding that Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits. Plaintiff alleges that he was sanctioned with the loss of good time credit, but Plaintiff has not shown he successfully attacked his disciplinary hearing conviction. Thus, Plaintiff cannot maintain a § 1983 action, whether for restoration of good-time credits, monetary damages, or declaratory or injunctive relief related to the hearing, if a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding.[1] Because awarding damages and/or declaratory or injunctive relief to Plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing, his claim is barred under Heck and Edwards.

Finally, as noted, in addition to his due process Wolff claim, Plaintiff also alleges that Defendant Freeman violated Plaintiff's "First Amendment rights" because he pursued disciplinary charges against Plaintiff in retaliation for Plaintiff's verbal complaint about another

---

[1] Moreover, under the Supreme Court's decision in Preiser v. Rodriguez, 411 U.S. 475 (1973), prisoners seeking the restoration of good-time credits in federal court may only do so by way of a writ of habeas corpus.

officer.  Regardless of any Heck bar, the Fourth Circuit Court of Appeals has held, albeit in an unpublished opinion, that prisoners do not have a constitutional right of access to the grievance process.  See Daye v. Rubenstein, 417 F. App'x 317, 319 (4th Cir. 2011) (unpublished) (holding that the plaintiff could not show a First Amendment retaliation claim where the plaintiff alleged that prison officials retaliated against him after he complained that black inmates were assigned to less desirable jobs than white inmates) (citing Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (stating that "[a]s other circuits have recognized, there is no constitutional right to participate in grievance proceedings")); but see Gullet v. Wilt, 869 F.2d 593 (4th Cir. 1989) (unpublished) (pre-Adams, finding that a prisoner's claim that he was transferred in retaliation for his numerous grievances implicated the First Amendment rights to free speech and to seek redress of grievances).  Here, any verbal complaint or expression of dissatisfaction Plaintiff may have made to Defendant Freeman about another officer was essentially a grievance and was, thus, not protected by the First Amendment.  Accord Rountree v. Clark, No. 7:11cv572, 2014 WL 4923163, at *3 n.3 (W.D. Va. Sept. 30, 2014) (noting that under Fourth Circuit law, "a prisoner's use of grievance procedures is not a protected First Amendment right" and therefore "allegations that officials have retaliated against an inmate for filing grievance forms do not state a cognizable claim for relief under Section 1983").  Thus, to the extent that it is not barred by Heck, any First Amendment retaliation claim that Plaintiff purports to bring against Defendant Freeman is subject to dismissal for failure to state a claim.

## IV. CONCLUSION

For the reasons stated herein, this action is dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint is dismissed.

2. Plaintiff's Motion for Order to Show Cause and Temporary Restraining Order, (Doc. No. 4), is **DENIED** as moot.

3. The Clerk shall terminate this action.

Signed: May 29, 2015

Frank D. Whitney
Chief United States District Judge